By the Court.
Sedgwick, Ch. J.
I am of opinion that the determination below as to the existence and validity of the contract, and of the plaintiff’s interest in it, as to the breach by defendant, and as to the amount of damages assessed in the first cause of action, was correct. The assessment as to the second cause of action was incorrect, in my judgment. The plaintiff was entitled to recover the amount of profits that he sufficiently showed he would lose in the future from the breach. Like any other fact in a case to be established by testimony, this must be shown with reasonable certainty as distinguished from probability merely. In Curtis v. Rochester & Syracuse R. R. Co. (18 N. Y. 542), the question related to the mode of ascertaining a compensation for future pain and suffering. It was there said, “ damages are to be proved, and none can be allowed, except such as are shown by the proof to be, at least to a reasonable degree, certain.”
. An instruction that “future damages could only be awarded when it is rendered reasonably certain from the evidence that such damages will inevitably and necessarily result from the original injury ” was approved. If there was any distinction on this point between cases of tort and of contract, there would be a relaxation of stringency in the former class.
The charge of Judge Sandford to the jury in Bagley v. Smith was approved when the appeal in it was decided (16 N. Y. 490). To prove the loss of profits-in the future, proof of actual profits was allowed. The- charge was that the evidence was admitted, not as furnishing a rule of damages, but as furnishing to the jury- one means of arriving at the amount the plaintiff ought to receive for damages, and that profits are contingent and fluctuating, and past profits are no sure indication that there will be the same in the future. In making the estimate, the jury were to allow for the fluctuation of trade, the danger of *50 Losses, and the effects of competition. It was further said, that the amount thus ascertained was subject to a further deduction in determining what were the plaintiff’s actual damages. He was not at liberty to fold his arms, and remain idle during the three months succeeding the dissolution, and whatever he actually made by reasonable diligence, or could have made, is to be deducted. The court of appeals, said as to this last, that the plaintiff might perhaps have disputed the competency of such testimony. This could not mean more than that if the objection was to be considered at all, it must come from the plaintiff. Certainly, when the profits are to be estimated for eight future years, there must be a deduction for the value of the time which before has been given, and in the future will not be given to the business.
The assessment of damages for loss in the future is $220,305. As this is in part for loss to occur yearly, and as late as 1891, interest on that part, say one half of it, for five years after the judgment, should be added, to state correctly the amount of the recovery. The whole would be over $250,000. The learned counsel for plaintiff to maintain the result, assumes, or rather argues from the figures in the case, that there were profits for thirteen months, from $31,000 a year, to $37,000 a year. And then, the profit for twelve months on this basis is multiplied 8-j-£ times, to ascertain the profits that would accrue in eight years and ten months in the future. Certainly this is erroneous in one respect. For each year after the referee’s report there should be a rebate at six per cent, for each year’s profit from the date of the report to the time the profit is calculated.
Moreover, justice requires that, from any calculation of profit for the future, should be deducted the value of the plaintiff’s time for.eight years and ten months, or the amount it could reasonably be expected he would earn in that time. This would certainly be at the lowest $10,000, but more probably would greatly exceed that sum.
The yearly sum referred to was not fixed by counsel *51 for respondent, without having made an allowance for uncertainty in future profits, from fluctuations in business, &c. This allowance was made by estimating it to be no more than would equal certain claims made by plaintiff, for damages from the defendant’s refusing to transmit news to certain newspapers, as the plaintiff requested. I am of opinion that there is no sufficient evidence to sustain these claims for damages, and that in the calculation for plaintiff, there should be a deduction that has not been made for future losses.
On all the evidence, I am satisfied that it was not shown with reasonable certainty, that the loss of plaintiff of future profits amounted to the sum that he recovered. The enterprise was peculiar in its character. It was an exceptional, not an ordinary business. It was not of that kind that deals in staple articles demanded by the people in general. The plaintiff had no hold upon his customers, and the value given by them severally was the result of special bargaining. They could combine among themselves, and, through an agent, such as the plaintiff was, make a contract with the defendant. The testimony disclosed a tendency in the customers to complain, and desire new arrangements. It is not usual for a business to maintain through a long time the large profits, like the present, with which it may start. It would not be an unreasonable anticipation that other telegraph companies might compete with defendant, and make such low rates that they would draw customers from the plaintiff. There were chances connected with plaintiff’s expectation of life, and of continued skill in gathering news. There were considerations pertinent to a presumption that an organization dependent for its continuance upon whim and opinion of individuals acting independently, would in reality continue in fully profitable operation for eight years. It would be necessary to perceive if casual and transitory conditions had not favored the plaintiff in the past, with no certainty that they would be repeated in the future. The result reached below exempts the plaintiff *52 from the consequence of mistake or misfortune or disability, which experience shows are more to be expected than perfect prosperity. Then, as has already been said, the important deduction should be made for the value of plaintiff’s time or work in the future.
The judgment, should be affirmed as to the first cause of action, and reversed as to the second cause of action, and the costs of the appeal should abide the event of the new trial which is hereby directed, and the order of reference to be vacated.
Van Vorst and Freedman, JJ., concurred.